APPLETON et al. v. SMELSER et al.

(Circuit Court of Appeals, Fifth Circuit.   February 20, 1894.)

No. 198.

APPEAL—DECISION—MODIFICATION OF DECREE.
>    A demurrer for want of equity and for multifariousness, which, in the
> opinion of the appellate court, should have been sustained, and the bill
> dismissed without prejudice, was overruled by the court below, and there-
> after a hearing was had, in which complainants produced evidence, in-
> dicating equities which entitled them to the relief prayed. The court,
> however, instead of permitting an amendment, then entered a decree
> sustaining the demurrer, and finally dismissing the bill. *Held,* that the
> only relief to be afforded on appeal was to cause the decree to be amended
> so as to dismiss without prejudice.

Appeal from the Circuit Court of the United States for the East-
ern District of Texas.

In Equity. Bill brought by Minnie M. Appleton, T. J. Appleton,
and James M. Strong against J. H. Smelser, B. T. Estes, and the
Bowie Lumber Company to recover the value of timber alleged to
have been wrongfully cut from lands in which complainants have
an interest, and for partition of such lands.   The demurrer was at
first overruled, but after evidence was taken, and a hearing had,
the demurrer was sustained, and the bill finally dismissed, from
which decree the complainants appeal.

F. M. Henry and E. B. Kruttschnitt, for appellants.
Charles S. Todd and H. C. Hynson, for appellees.

Before PARDEE and McCORMICK, Circuit Judges.

PARDEE, Circuit Judge.   The appellants, complainants in the
court below, brought their bill against the defendants, J. H. Smelser,
B. T. Estes, and the Bowie Lumber Company, wherein they allege
that the complainants were the legal and equitable owners of one
undivided two-thirds of a large tract of land; that the defendant
B. T. Estes was the legal owner of the remaining undivided third;
that the defendant J. H. Smelser unlawfully entered upon the said
tract of land, and sold to the defendant the Bowie Lumber Company
all the timber standing and growing upon the same, and unlawfully
entered into a conspiracy with the said lumber company for the
purpose of wrongfully cutting down, and carrying away from and off
the said tract of land, all the said timber; and that, in pursuance
thereof, the said defendants Smelser and the Bowie Lumber Company
had cut down and carried away from said tract of land an ag-
gregate amount of 21,000,000 feet of timber, which they had convert-
ed to their own use.   In said bill, complainants further allege that
they have a right to recover judgment against the said Smelser and
the Bowie Lumber Company for two-thirds of the value of said
21,000,000 feet of timber; that the said Smelser and the Bowie Lum-
ber Company are now in possession of said tract of land, and are
continuing to commit waste by cutting down and carrying away
timber, etc.; and, finally, that the said defendants Smelser and the
Bowie Lumber Company are setting up some pretended claim of own-

ership to said tract of land, and a right to cut and carry away the timber. The prayer of the bill is for a partition and division of all the said tract of land between the complainants and the defendant B. T. Estes, in accordance with their respective rights and title; that commissioners be appointed to make such division and partition; and, further, that an account be taken and stated of the value of the trees and timber cut and carried away from off said tract of land by the defendants Smelser and the Bowie Lumber Company, and for a judgment and decree against the said Smelser and the Bowie Lumber Company for two-thirds of the value of the timber cut and carried away from said tract of land.

The defendants Smelser and the Bowie Lumber Company filed a demurrer to the bill for want of equity and multifariousness. This demurrer, on argument, was overruled, and thereupon the defendant B. T. Estes answered, admitting himself to be the legal owner of one undivided one-third of the tract of land in question, and further admitting that he had been paid for his share of the timber removed. The defendants Smelser and the Bowie Lumber Company answered, setting up title to the one undivided two-thirds of the tract of land claimed by complainants, and putting at issue all the material averments of the bill. Replication was duly filed, an examiner appointed, and evidence taken. The evidence taken shows that any title which the complainants may have to the land in controversy is equitable, and develops a case in which, if the complainants maintain their equitable title, they are, in equity, entitled to relief as against all the defendants to the bill. On final hearing, the court entered the following decree:

"This cause coming on to be heard upon the defendants' demurrer to plaintiffs' bill, and after hearing arguments of counsel and duly considering said demurrer, the court is of the opinion that the demurrer should be sustained. It is therefore ordered, adjudged, and decreed by the court that the defendants' demurrer to plaintiffs' bill be in all things sustained, that plaintiffs' bill filed in this cause be dismissed, that the defendants recover their costs, and that the plaintiffs be adjudged to pay all costs incurred in this cause, for which let this execution issue."

From this decree the appellants prosecute this appeal, assigning numerous errors attacking the decree on the evidence, not necessary to recite.

In our opinion, the demurrer, when first heard, should have been sustained on the ground assigned, and the bill, unless amended under leave of the court so as to present a case entitling the complainants to equitable relief, should have been dismissed without prejudice. As this was not done, but, on the contrary, the demurrer was overruled, and evidence was taken which, as we have noticed, developed equities in the complainants, the court, on the hearing, might still have permitted the complainants to amend on such terms as to the court seemed just, or have dismissed the complainants' bill, with costs, but without prejudice. As the case is presented in this court, the only relief which, in our opinion, can be granted to the appellants, is to cause the decree appealed from to be so amended as not to prejudice the complainants in the future prosecution of any rights

they may have in the premises. See Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249.

The decree appealed from is reversed, and the cause remanded to the court below, with instructions to enter a decree dismissing the complainants' bill for want of jurisdiction, and without prejudice.